# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

STACEY POTTER,                          )
                                        )
       Plaintiff,               )
                                        )
v.                                      )     Case No. 08-CV-674-GKF-TLW
                                        )
SYNERLINK CORPORATION,                  )
f/k/a PREFERRED REPS, INC.,             )
and PREFERRED SALES AGENCY, LTD.,       )
                                        )
       Defendants.              )

## OPINION AND ORDER

Before the court is plaintiff's Request to Tax Pre-Judgment Interest [Doc. No. 201] and the parties' Agreed Motion to Enter Judgment [Doc. No. 206].

Plaintiff sued defendants pursuant to 40 O.S. §165.3 for unpaid vacation pay and sales commissions. On September 10, 2010, the court entered a minute order in which it granted plaintiff's oral motion for summary judgment on plaintiff's claim for entitlement to vacation pay under 40 O.S. §165.3 and directed the parties to attempt to reach an agreement on the amount of vacation pay owed. [Doc. No. 166]. On January 11, 2011, the parties submitted an Agreed Motion to Enter Judgment in which they stipulated that plaintiff is entitled to $3,000 in unpaid vacation pay and $3,000 in liquidated damages under 40 O.S. §165.3(B). [Doc. No. 206].

On November 30, 2010, the jury returned a verdict in favor of plaintiff on her claim for unpaid commissions totaling $47,244.83. [Doc. No. 196], and the court entered judgment on the jury verdict for $47,244.83, plus post-judgment interest. [Doc. No. 197]. Subsequently, plaintiff filed her Request to Tax Pre-Judgment Interest, seeking taxation of prejudgment interest at a 6

percent rate pursuant to 23 O.S. §6. Using a 6 percent rate, as provided by15 O.S. §266. plaintiff calculates she is entitled to $1,245.00 in prejudgment interest on the award of vacation pay and $9,803.30 in prejudgment interest on the award of commissions, for a total of $11,048.30.

Defendants assert the Oklahoma wage statute, 40 O.S. §165.1 *et seq.*, does not provide for an award of prejudgment interest. Further, they point out that the Tenth Circuit has held that in the context of the federal wage and hour statute, the Fair Labor Standards Act, an award of liquidated damages "precludes an award of prejudgment interest." *See Dept of Labor v. City of Sapulpa, Okla.,* 30 F.3d 1285, 1290 (10th Cir. 1994). Plaintiff cites cases in which prejudgment interest was awarded under wage statutes of other states, including the wage laws of West Virginia, Kentucky and Delaware. *See House v. Metal Transportation Systems, Inc.,* 2010 U.S. Dist. LEXIS 24615 (N.D. W. Va. 2010); *Whitewood v. Robert Bosch Tool Corporation,* 2009 U.S. App. LEXIS 6227 (6th Cir. 2009); *Stephens v. Lifecare at Lofland Park,* 2004 Del. C.P. LEXIS 7 (Del. 2004).

Under Oklahoma law, a party who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in her upon a particular date, is entitled also to recover prejudgment interest thereon from that date. 23 O.S. §6. Here, the claims for both vacation pay and commissions were "damages certain, or capable of being made certain by calculation." Moreover, the plaintiff's rights to recover vacation pay and commissions were vested on particular dates. Therefore, the court finds plaintiff is entitled to recover prejudgment interest on both claims.

However, the appropriate interest rate is *not,* as plaintiff asserts, governed by 15 O.S. §266, which applies to interest on loans and claims for breach of contract (*see* 15 O.S. §§262-

266), but rather by 12 O.S. §727.1. Subsection E of that statute provides in pertinent part:

> [B]eginning November 1, 2009, if a verdict for damages by reason of...detriment due to an act or omission of another is accepted by the trial court, the court in rendering judgment shall add interest on the verdict at a rate prescribed pursuant to subsection I of this section from the date which is twenty-four (24) months after the suit resulting in the judgment was commenced to the earlier of the date the verdict is accepted by the trial court as expressly stated in the judgment, or the date the judgment is filed with the court clerk. No prejudgment interest shall begin to accrue until twenty-four (24) months after the suit resulting in the judgment was commenced.... This rate shall be in effect until the end of the calendar year in which interest begins to accrue or until the date judgment is filed, whichever first occurs. Beginning on January 1 of the next succeeding calendar year until the end of that calendar year, or until the date the judgment is filed, whichever first occurs, and for each succeeding calendar year thereafter, the prejudgment interest rate shall be the rate in effect for judgments rendered during each calendar year as certified by the Administrative Director of the Courts pursuant to subsection I of this section.

12 O.S. §727.1(E). Subsection I of the statute provides in pertinent part:

> For purposes of computing prejudgment interest as authorized by this section, interest shall be determined using a rate equal to the average United States Treasury Bill rate of the preceding calendar year as certified to the Administrative Director of the Courts by the State Treasurer on the first regular business day in January of each year.

12 O.S. §727.1(I). The interest rate certified by the State Treasurer for 2010 was 0.14%. *See Notice Re: Postjudgment and Prejudgment Interest,* 12 O.S. §727.1(I). The interest rate certified by the State Treasurer for 2011 is 0.13%. *Id.*

Here, plaintiff filed suit November 14, 2008. [Doc. No. 2]. Thus, plaintiff is entitled to prejudgment interest on the commissions at a rate of 0.14% from November 14, 2010, until December 31, 2010, or 47 days, and at a rate of 0.13% from January 1, 2011, to the date of entry of the Amended Judgment, or 42 days. She is entitled to prejudgment interest on the vacation pay claim from November 14, 2010, through December 31, 2010, at a rate of 0.14%, and interest from January 1, 2011, to the date of judgment, at a rate of 0.13% per annum.

3

Accordingly, plaintiff's Request to Tax Pre-Judgment Interest [Doc. No. 201], is granted in part and denied in part. The parties' Agreed Motion to Enter Judgment [Doc. No. 206] is granted.

ENTERED this 11th day of February, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma