# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY POTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-674-GKF-TLW |
| ) | |
| SYNERLINK CORPORATION, ) | |
| f/k/a PREFERRED REPS, INC., ) | |
| and PREFERRED SALES AGENCY, LTD., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is plaintiff's Motion to Reconsider and Rule 59(e) Motion to Alter or Amend Judgment. [Doc. Nos. 215, 216].

On November 14, 2008, plaintiff Stacey Potter ("Potter") sued defendants. Count II of her Complaint was for unpaid wages in the form of vacation pay and sales commissions pursuant to 40 O.S. § 165.3.

On September 10, 2010, this court granted Potter's oral motion for summary judgment on her claim for entitlement to vacation pay and directed the parties to attempt to reach an agreement on the amount of vacation pay owed. [Doc. No. 166]. On November 30, 2010, a jury returned a verdict for Potter on her claim for unpaid commissions in the amount of $47,244.83. [Doc. No. 196]. On January 11, 2011, the parties submitted an Agreed Motion to Enter Judgment in which they stipulated that plaintiff was entitled to $3,000 in unpaid vacation pay and $3,000 in liquidated damages under 40 O.S. § 165.3(B). [Doc. No. 206].

Potter subsequently filed a Request to Tax Pre-Judgment Interest [Doc. No. 201], in which she sought taxation of prejudgment interest at six percent (6%) as set forth in 15 O.S. § 266. The court agreed that Potter was entitled to prejudgment interest, holding that Potter's claims for vacation pay and commissions were for "damages certain, or capable of being made certain by calculation" pursuant to 23 O.S. § 6. However, instead of applying the six-percent rate, the court held that the prejudgment interest rate set forth in 12 O.S. § 727.1(E) applied because the verdict was "for damages by reason of . . . detriment due to an act or omission of another." *See* Opinion and Order at Docket No. 213. The court entered a final Judgment on February 11, 2011 [Doc. No. 214] utilizing the prejudgment interest rate found in § 727.1(E).

Potter asks the court to reconsider its most recent order and to alter or amend the Judgment because the court erred in applying the interest rate from § 727.1(E). Upon review of the briefs and controlling caselaw submitted by the parties, the court agrees. *In re First Penn Corp.*, 793 F.2d 270, 272 (10th Cir. 1986) ("An Oklahoma statute provides that when the damages to be recovered are certain and the date from which the right to recover is determinable, the party is entitled to interest. . . . The legal rate is six percent."); *Randall v. Travelers Cas. & Sur. Co.*, 2007 U.S. Dist. LEXIS 56983, *4 (N.D. Okla. Aug. 2, 2007) (Kern, J.) ("When prejudgment [interest] is awarded based on Title 23, Section 6, interest is calculated based on the six-percent rate set forth in Title15, Section 266 . . . of the Oklahoma Statutes"); *Tillman v. Camelot Music, Inc.,* 2005 WL 3436484, at *3 (N.D. Okla. 2005) (Eagan, C.J.) (statutory rate of six percent applies to prejudgment interest pursuant to 23 O.S. § 6); *Marlin Oil Corp. v. Lurie*, 2010 U.S. Dist LEXIS 74683, at *12-13 (W.D. Okla. July 23, 2010) (Heaton, J.) (applying six-percent interest rate from 15 O.S. § 266 to the award of interest under 23 O.S. § 6); *Cable v.*

*State ex rel.Police and Pension & Retirement Bd.*, 31 P.3d 392, 399 n.11 (Okla. Civ. App. 2001) (applying the six-percent rate of interest from 15 O.S. § 266 to prejudgment interest awarded pursuant to 23 O.S. § 6).

Section 727.1(E) concerns verdicts for damages by reason of personal injuries or injury to personal rights. *Citgo Petroleum Corp. v. Krystal Gas Mktg. Co.,* 2006 U.S. Dist. LEXIS 74184 at *3 (N.D. Okla. Oct. 11, 2006) (Eagan, C.J.). The Oklahoma Supreme Court has noted that *"§ 727* [the predecessor to §727.1] *takes personal-injury recovery out of the rubric that is governed by § 6." Taylor v. State Farm Fire & Cas. Co.*, 981 P.2d 1253, 1259 n.33 (Okla. 1999) (emphasis in original). Potter's entitlement to prejudgment interest under § 6 cannot be abridged by the statutory restrictions on prejudgment interest applicable to personal injury actions found in § 727.1(E).

Defendants argue that Potter's Rule 59(e) motion is inappropriate because Potter could have advanced her arguments pertaining to the application of § 727.1(E) in her prior motion for prejudgment interest. But defendants never argued that § 727.1(E) applied to this case. Potter could not have foreseen that the court would apply § 727.1(E), and this court cannot in fairness require Potter to have preemptively anticipated its application.

For the reasons set forth above, plaintiff's Motion to Reconsider and Rule 59(e) Motion to Alter or Amend Judgment [Doc. Nos. 215, 216] is granted.

ENTERED this 25th day of May, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma