**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STACEY POTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-674-GKF-TLW |
| | ) |
| SYNERLINK CORPORATION f/k/a | ) |
| PREFERRED REPS, INC., d/b/a | ) |
| PEFERRED SALES AGENCY, LTD., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge T. Lane Wilson [Dkt. #249] on Motions for Attorney Fees file by both plaintiff, Stacey Potter and defendants, Synerlink Corporation, f/k/a Preferred Reps, Inc. and Preferred Sales Agency, Ltd. [Dkt. ##231, 233].[1] In the pending motions, plaintiff claimed she is entitled to fees as the prevailing party, because she obtained a jury verdict. Defendants did not object to plaintiff's request for fees but contended they are entitled to an offset against those fees, because they made a rejected Offer of Judgment, which they assert was in excess of the jury verdict.

Magistrate Judge Wilson recommended:

1. Defendants' request for costs be referred to the Court Clerk for a determination of the amount of costs, if any, that are awardable in light of defendants' valid offer of judgment;

2. Plaintiff's Motion for Attorney's Fees in the amount of $45,469.00 be granted; and

---

[1] Both motions for attorney fees adopted and re-urged relevant portions of the parties' earlier motions for attorney fees. [Dkt. ##199, 222].

3. Defendants' Motion for Attorney's Fees be granted in part and denied in part and that defendants be awarded an offset against plaintiff's Judgment in the amount of $38,477.30, calculated by reducing defendants' requested fee of $67,692.50 by:

   a. Reducing attorney Malone Lankford's hourly rate to $210.00 per hour, resulting in a reduction of $13,398.00;

   b. Eliminating the fee request for all timekeepers except Lankford and attorney Randall Snapp, resulting in a reduction of $9,769.00;

   c. Reducing Snapp's hourly rate by 10%, resulting in a reduction of $1,772.95; and

   d. Reducing the remaining amount by 10% for block billing, resulting in a reduction of $4,275.26.

[Dkt. #249 at 20]. Plaintiff filed an objection to the Report and Recommendation. [Dkt. #250].

The court conducts a *de novo* review of plaintiff's objection. *See* 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b).

In this lawsuit Potter, a former employee of Synerlink, asserted claims for Title VII gender discrimination; state public policy wrongful discharge; and unpaid wages in violation of 40 O.S. §165.3(B). On September 20, 2010, the court granted partial summary judgment in favor of defendants on plaintiff's discrimination claim and in favor of plaintiff on her vacation pay claim in the amount of $6,000. [Dkt. #166]. This left remaining for trial plaintiff's claim of unpaid commissions under 40 O.S. § 165.3(B).

On September 24, 2010, defendants made an Offer of Judgment pursuant to 12 O.S. § 1101.1(B) of $70,000.00 as to "all claims, whether pending, on appeal, or with potential for appeal." [Dkt. #169]. Plaintiff rejected the offer. [Dkt. #226 at 2]. On October 28, 2010, defendants made a second offer of judgment in the amount of $120,000.00. The offer stated:

> Pursuant to 12 O.S. § 1101.1(B), Defendants…offer to allow judgment to be taken against them in the total amount of $120,000.00, including attorneys' fees and costs. If accepted, this amount will resolve all claims, whether currently pending, on appeal, or with potential for appeal.

> This Offer of Judgment is made solely for the purpose specified in 12 O.S. § 1101.1(B), and is not to be construed either as an admission that Defendants are liable in this action or that Plaintiff, Stacy Potter, has suffered any damage.
>
> This offer shall remain open for fourteen (14) days. If you choose not to accept this offer, pursuant to 12 O.S. § 1101.1(B)(3), you will be responsible for Defendants' reasonable attorney fees incurred from and after the date of this offer in the event a judgment is obtained in an amount less than offered herein.

[Dkt. #122-1, Defendants' Second Offer of Judgment (footnotes omitted)]. The cited statute, 12 O.S. § 1101.1(B), states:

> After a civil action is brought for the recovery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 [the Oklahoma Anti-Discrimination Act ("OADA")]or Section 5 of Title 85 of the Oklahoma Statutes, any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, filed:
>
>     a. a written acceptance or rejection of the offer, or
>
>     b. a counteroffer of judgment, as described in paragraph 2 of this subsection.
>
> If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.

*Id.* Plaintiff also rejected the second offer. [Dkt. #226 at 2]. Defendants' claim for an offset of attorney fees is based on plaintiff's rejection of the second offer.

Plaintiff's claim for unpaid commissions under 40 O.S. §165.3(B) proceeded to trial and a jury awarded plaintiff $47,244.83 for her commissions. [Dkt. #196]. The court, in its Amended Final Judgment, awarded plaintiff $53,244.83 for commissions and vacation pay, with pre-judgment interest beginning from November 14, 2008, in the amount of 6% and post judgment interest at 0.19%. [Dkt. #229].

Plaintiff moved for attorney fees of $45,469.00. [Dkt. #199]. Defendants did not object to the fee request. [Dkt. #207]. However, they sought to offset plaintiff's judgment with the attorney fees and costs they incurred after the second offer of judgment was made. [Dkt. #222]. The requested offset for attorney fees was $69,671.84. [*Id.*]. Plaintiff objected to the offset, contending the second offer of judgment was invalid and, alternatively, the amount of fees sought is unreasonable. [Dkt. #226 at 2].

The Magistrate Judge found that the second offer of judgment was valid, but recommended that the hourly rate sought by Lankford be reduced from $315 to $210; that fees be awarded only for time billed by Lankford and Snapp, and not for any other timekeepers; that Snapp's hourly rate be reduced by 10%; and that the remaining amount be reduced by 10% for block billing. He recommended a total defendants' attorney fee award of $38,477.30, to be offset against plaintiff's damages and attorney fees. [Dkt. #249 at 20].

In her objection to the Magistrate Judge's Report and Recommendation, plaintiff continues to argue the offer was invalid because (1) under § 1101.1(B) the offer could not include any causes of action upon which summary judgment had already been granted; and (2) the offer of judgment should have been made under § 1101.1(A) because she had asserted an OADA claim.

**Effect of Partial Summary Judgment**

Defendants' offer encompassed "all claims, whether pending, on appeal, or with potential for appeal." Plaintiff argues that under § 1101.1(B), the offer of judgment could only include claims which were "proceeding towards trial" and, because defendants' offer included claims which had been disposed of upon summary judgment, it was invalid. [Dkt. #227 at 10-11].

4

The court disagrees. Section 1101.1(B), by its express terms, permits offers of judgment with respect to "the action or any claim or claims asserted in the action." 12 O.S. § 1101.1(B). The statute contains no language limiting the scope of the offer to claims "proceeding toward trial."

Relying on *Sershen v. Cholish,* 2010 WL 1626930 (M.D. Pa. April 20, 2010) and *Smith v. Southeastern Penn. Trans. Auth.,* 258 F.R.D. 300 (E.D. Pa. 2009), plaintiff argues that once summary judgment is entered on a cause of action, on offer of judgment cannot be made on that cause of action. In *Shershen,* the court granted summary judgment in favor of one of the defendants on all claims during the 14-day pendency of a Rule 68 offer of judgment. 2010 WL 1626930, *1. The following day, plaintiff accepted defendants' offer of judgment, and the court then entered judgment in favor of plaintiff and against all defendants. *Id.* Defendants filed a motion for relief from the judgment. The district court, acknowledging a split among courts on the issue, ruled that entry of summary judgment barred a plaintiff from accepting a pending offer of judgment. *Id.,* *2. In *Smith,* the court granted defendant's motion for summary judgment and entered judgment for defendant during the pendency of a Rule 68 offer of judgment. 258 F.R.D. at 301. Within an hour thereafter, plaintiff purported to accept defendant's offer of judgment. *Id.* The court found the entry of summary judgment "ended the litigation," and characterized plaintiff's subsequent acceptance of the offer of judgment as an attempt to "override" the court's ruling. *Id.* at 302. The court held the entry of summary judgment closed "the window of opportunity to accept the offer." *Id.*

*Sershen* and *Smith*—which both involved the granting of summary judgment against plaintiffs on all claims—are distinguishable from this case. Here, defendants made their offer of judgment after the court had granted *partial* summary judgment. The case against defendants

5

remained pending and was not over. Partial summary judgment rulings are interlocutory and can be revisited at any time under the court's general discretionary authority. *See Fye v. Oklahoma Corp. Com'n,* 516 F.3d 1217, 1223 n. 2 (10th Cir. 2008). The purpose behind offers of judgment is to encourage settlement of pending cases. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 (1981). As the Magistrate Judge noted, plaintiff's approach would have the effect of allowing a defendant to make an offer of judgment with respect to those claims that remained for trial, while having no ability to make such an offer with respect to other claims that were the subject of an interlocutory ruling and could be revisited at any time.

The court concludes defendants' offer of judgment as to all claims, including claims upon which summary judgment had been granted, was permissible under § 1101.1(B).

**Validity of Second Offer Under Terms of Section 1101.1(B)**

Plaintiff also argues the second offer of judgment was invalid because it should have been made under 12 O.S. § 1101.1(A) instead of 12 O.S. § 1101.1(B). Section 1101.1(A) permits offers for judgment for civil actions "brought for the recovery of money as the result of a claim for personal injury, wrongful death, or pursuant to Chapter 21 of title 25 or Section 5 of Title 85 of the Oklahoma Statutes. 12 O.S. § 1101.1(A). "Chapter 21 of Title 25" is commonly known as the Oklahoma Anti-Discrimination Act (OADA). Plaintiff asserts she brought her discrimination claim under the OADA and thus, any settlement offer must necessarily include the OADA claim and must have been made pursuant to § 1101.1(A). She contends the second offer was invalid because it was made under § 1101.1(B).

Plaintiff's original Complaint asserted two counts: a federal claim under Title VII of the Civil Rights Act of 1964 and a wage claim under 40 O.S. § 165.3(A). [Dkt. #2]. The First Amended Complaint added a claim for wrongful discharge in violation of Oklahoma public

policy "under the authority *Burk v. K-Mart Corp.,* 770 P.2d 24 (Okla. 1939) and *Kruchowski v. Weyerhauser Co.,* 2008 WL 5238495, 2008 OK 105. [Dkt. #18 at 2]. The First Amended Complaint cited the OADA as the basis for the public policy which plaintiff claims was violated, but did not assert a distinct claim under the OADA. [*Id.* at 5]. Plaintiff's Second Amended Complaint [Dkt. #66] included the same claims asserted in the First Amended Complaint and the same reference to the OADA. In summary judgment proceedings, the parties and the court treated the state law discrimination claim as a *Burk* tort claim. [Dkt. ##82, 205, 168 at 8:1-10].

Moreover, at the time this lawsuit arose and was litigated, the OADA did not provide for a private right of action in any type of discrimination action except handicap discrimination. *See Tate v. Browning-Ferris, Inc.,* 833 P.2d 1218, 1229-31 (Okla. 1992); *Sims v. Halliburton Co.,* 185 F.3d 875 (10th Cir. 2009) (unpublished).[2]

The court concludes the offer of judgment pursuant to § 1101.1(B) was proper and valid.

**Conclusion**

For the foregoing reasons, the court overrules plaintiff's objection to the Magistrate Judge's Report and Recommendation. The Report and Recommendation [Dkt. #249] is accepted. Plaintiff's motion for attorney fees in the amount of $45,469.00 is granted. [Dkt. #231]. Defendant's Motion to Shift Attorneys' Fees and Costs Pursuant to Their Offer of Judgment [Dkt. #233] is granted in part and denied in part. As recommended by the Magistrate Judge, defendant is awarded an attorney fee of $38,477.30, to be offset against plaintiff's Judgment. Defendants' request for an award of costs is referred to the Court Clerk for a determination of the amount of costs, if any, that are awardable in light of defendants' valid offer of judgment.

---

[2] During the 2011 Legislative session, the Oklahoma Legislature amended the OADA, effective November 1, 2011, to create a statutory cause of action for employment-based discrimination and to abolish common law remedies. 25 Okla. Stat. §§ 1101(A), 1350(A).

ENTERED this 29th day of June, 2012.

                                                  _____
                                                  GREGORY K. FRIZZELL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT