IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STACEY POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-674-GKF-TLW |
| | ) | |
| SYNERLINK CORPORATION f/k/a | ) | |
| PREFERRED REPS, INC., d/b/a | ) | |
| PEFERRED SALES AGENCY, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is plaintiff Stacey Potter's Motion to Certify State Constitutional Question to Oklahoma Supreme Court. [Dkt. #253]. Plaintiff asks the court to certify the following questions:

1. Is a plaintiff's *Burk* claim for gender discrimination based on the public policy declared in the Oklahoma Anti-Discrimination Act, 25 O.S. § 1101 *et seq.* ("OADA"), an action brought "pursuant to" the OADA as the phrase is used in 12 O.S. § 1101.1(A)?

2. If not, do the different procedural provisions of § 1101.1(A) and § 1101.1(B) treat employment discrimination plaintiffs unequally and asymmetrically in violation of Art. 5, § 46 of the Oklahoma Constitution?

[*Id.* at 4]. Defendant opposes the motion. [Dkt. #254].

Plaintiff filed the pending motion after an adverse finding in Magistrate Judge H. Lane Wilson's Report and Recommendation on the parties' motions for attorney fees [Dkt. #249]. The Magistrate Judge concluded an offer of judgment made by defendant pursuant to 12 O.S. § 1101(B) was valid, and the amount of the offer exceeded damages, interest and attorney fees awarded to plaintiff on her remaining claim. He recommended defendant be permitted to offset

$38,477.30 in attorney fees incurred by defendant after plaintiff rejected the offer of judgment. [*Id.*]. In an Opinion and Order dated June 29, 2012, the court overruled plaintiff's objection and accepted the Magistrate Judge's Report and Recommendation. [Dkt. #255].

"Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) (citations omitted). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Id.* (citation omitted). "Late requests for certification are rarely granted by this court and are generally disapproved, particularly when the district court has already ruled." *Boyd Rosene & Assoc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir. 1999) (citing *Harvey E. Yates Co. v. Powell*, 98 F.3d 1222, 1229 (10th Cir. 1996) (declining to certify in part because requesting party "did not seek to certify the question [below], and only now (after receiving an adverse [district court] ruling) has asked us to do so")). Filing a motion to certify after an adverse ruling, as was done in this case, is not favored.[1]

The court declines to certify the questions posited by plaintiff. The gravamen of plaintiff's argument is that the differences between subsections A and B of 12 O.S. § 1101.1 create constitutional inequity of remedies for employment discrimination. However, the law is well settled that plaintiff's *Burk* tort claim is a common law created tort, and the plain language of § 1101.1 delineates what subsection applies to which particular claims. Moreover, an offer of judgment is not a "remedy" available to plaintiff. Rather, it is "a special statutory process

---

[1] *See Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994) ("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court."); *Armijo*, 843 F.2d at 407 (denying certification in part because plaintiff "did not request certification until after the district court made a decision unfavorable to her"). *See also, Cray v. Deloitte Haskins & Sells*, 925 P.2d 60, 62 (Okla. 1996) ("Where the question certified has been adjudicated by the certifying federal trial court, jurisdiction to review the trial court's ruling ultimately lies with the federal appellate court. We decline to afford appellate review of a ruling made by a federal judge under the guise of a certified question of law."); *Ball v. Wilshire Ins.*, 184 P.3d 463, 466 (Okla. 2007).

spelled out in clear and unambiguous language" allowing for settlement with a corresponding judgment. *See Hernandez v. United Supermarkets of Okla., Inc.,* 882 P.2d 84, 88 (Okla. Ct. App. 1994). Finally, plaintiff filed the motion only after the adverse recommendation from the Magistrate Judge.

Plaintiff's Motion to Certify [Dkt. # 253] is denied.

ENTERED this 13th day of July, 2012.

                                                 GREGORY K. FRIZZELL, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT